UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN, CDCR #T-55834,<br><br>                          Plaintiff,<br><br>    vs.<br><br>Sgt. SEGOVIA,<br><br>                          Defendant. | Case No.: 3:20-cv-02255-WQH-MSB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Michael Dewayne Allen, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)

Plaintiff claims RJD Sgt. Segovia "ordered officers to attack [him]" on some unspecified date in October 2020. (*Id.* at 3.) He provides no further factual allegations whatsoever, but seeks $12.2 million in "monetary, punitive and declaratory relief." (*Id.* at 6.)

Plaintiff did not pay the full civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed suit; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (*See* ECF No. 2.)

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), *as amended* (Feb. 2, 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee."

*O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)), *as amended* (Aug. 16, 2016). "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffmann v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, § 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   <u>Discussion</u>

The Court has reviewed Plaintiff's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). In fact, Plaintiff's Complaint is comprised of only two sparse sentences: "Corrections Officers punched and kicked me without provocation[;]" and "Sgt Segovia told the officers to attack me and they did." *See* Compl. at 5. Such conclusory and nondescript references to a past incident of force at the hands of unidentified correctional officers, without more, are insufficient to plausibly suggest Plaintiff faced an "imminent danger of serious physical injury" at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); *Cohea v. Davey*, No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger"

under § 1915(g)), *reconsideration denied*, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020).

Plaintiff's only further allegation—that his "injuries persist to his day," *see* Compl. at 5, is also insufficient to plausibly show the "ongoing" or "imminent danger of serious physical injury" required to qualify for § 1915(g)'s exception. *See Cervantes*, 493 F.3d at 1056; *see also Turner v. Cty. of San Diego,* No. 3:20-CV-00163-JAH-AHG, 2020 WL 905633, at *3 (S.D. Cal. Feb. 25, 2020), *appeal dismissed sub nom. Turner v. San Diego Cty. Sheriff's Dep't*, No. 20-55269, 2020 WL 5405907 (9th Cir. June 17, 2020); *Dustin v. Kern Valley State Prison Personnel*, No. 1:19-cv-00989-LJO-SAB (PC), 2019 WL 6463991, at *1 (E.D. Cal. Dec. 2, 2019) (allegations of lingering pain caused by "injur[y] in the past by one or more former cellmates and a porter do not establish that [plaintiff] was in imminent danger of serious physical injury at the time he filed his complaint." (collecting cases)).

"Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of 'imminent danger of serious physical injury'" for purposes of § 1915(g). *Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017), *cert. denied*, *Parker v. Montgomery Cty. Corr. Facility*, 2018 U.S. LEXIS 1790 (U.S. Mar. 19, 2018). "Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule." *Id.* (citation omitted); *see also Patrick v. Altshuler*, No. 2:17-CV-1046 AC P, 2017 WL 4539273, at *5 (E.D. Cal. Oct. 11, 2017) (finding prisoner's claims of "[f]ear with trust issues" and "painful" "[a]buse[s] of power" were insufficient to demonstrate he was "under imminent danger of serious physical injury" under § 1915(g)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own dockets and other court proceedings publicly available on PACER, the Court finds that Plaintiff Michael Dewayne Allen, identified as CDCR Inmate #T-55834, while incarcerated, has had three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Allen v. Social Security Administration*, Civil Case No. 2:11-cv-04253-UA-E (C.D. Cal. June 22, 2011) (order denying leave to file action without prepayment of full filing fee and dismissing complaint as frivolous, malicious, or for failing to state a claim upon which relief may be granted) (ECF No. 2 at 1) (strike one);

2) *Allen v. CSP – Los Angeles Count, et al.,* Civil Case No. 2:12-cv-08338-DMG-E (C.D. Cal. Dec. 12, 2012) (order dismissing complaint for failing to state a claim) (ECF No. 7); and (C.D. Cal. May 1, 2013) (order accepting findings, conclusions and recommendations of United States Magistrate Judge and dismissing civil action based on plaintiff's failure to amend)[1] (ECF No. 12) (strike two); and

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

      3)     *Allen v. Masemeno, et al.*, Civil Case No. 2:12-cv-09981-DMG-E (C.D. Cal. Nov. 26, 2013) (order dismissing first amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 15); and (C. D. Cal. Feb. 20, 2014) (order accepting findings, conclusions and recommendations of United States Magistrate Judge and dismissing civil action based on plaintiff's failure to amend) (ECF No. 19) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[2]

## II. Conclusion and Orders

For the reasons discussed, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

///
///

---

[2] In fact, Plaintiff has been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court, as well as in the Eastern District of California, on at least four previous occasions. *See, e.g., Allen v. Associate Warden, et al.,* S.D. Cal. Civil Case No. 3:20-cv-02188-GPC-BLM (ECF No. 5); *Allen v. Quillen, et al.*, S.D. Cal. Civil Case No. 3:20-cv-02192-MMA-DEB (ECF No. 7); *Allen v. Wells, et al*., E.D. Cal. Civil Case No. 2:17-cv-01793-MCE-EFB (ECF Nos. 11, 12, 13); and *Allen v. Perez*, 2:17-cv-01384-TLN-EFB (ECF Nos. 14, 15, 16).

1     (4)    **DIRECTS** the Clerk of the Court to close the file.

2     **IT IS SO ORDERED**.

3 Dated: January 4, 2021

4                                           Hon. William Q. Hayes

5                                           United States District Court